# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GREGORY PAUL MCPHERSON,

      Petitioner,

v.                                No. CIV 99-0009 LH/JHG

GARY MIERS, Warden,

      Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Petitioner (McPherson) filed this habeas corpus action, pursuant to 28 U.S.C. § 2254, with respect to his conviction in the case styled, *State of New Mexico v. Gregory McPherson*, and numbered CR-95-12030, County of Curry, State of New Mexico. On January 12, 1999, the assigned United States District Judge referred this matter to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), to recommend an ultimate disposition of the case.

In his Motion to Dismiss, filed March 10, 1999, Respondent argues the following issues raised by McPherson should be dismissed on the grounds of procedural default: (1) denial of due process in state habeas corpus proceeding; (2) improperly brought indictment /deprived of preliminary hearing; (3) wrongful refusal of writ; and (4) concealment or transfer of prisoner to avoid writ. McPherson did not respond to this motion. Having considered the arguments, pleadings, relevant law, and being otherwise fully informed, the Court recommends the Motion to Dismiss be granted, McPherson's Motion for an Evidentiary Hearing be denied, and the Petition be dismissed with prejudice.

**Procedural Background**

McPherson filed a Petition for Writ of Habeas Corpus in the state district court on May 13, 1996. Answer, Ex. L. In the state petition, McPherson refers to a contention of improperly brought indictment. *Id.* On November 4, 1996, the state district judge set a hearing on the Petition for Writ of Habeas Corpus for November 19, 1996. On November 5, 1996, McPherson filed his Notice of Appeal from the Judgment, Sentence and Commitment and thus the state district judge vacated the November 19, 1996 hearing for lack of jurisdiction. On October 20, 1997, the New Mexico Court of Appeals issued the Mandate along with the opinion affirming McPherson's conviction. Because the New Mexico Court of Appeals addressed all of the issues set forth in the Petition for Writ of Habeas Corpus, the state district judge dismissed the petition on September 3, 1998. Answer, Ex. M. On October 29, 1998, McPherson filed a Petition for Writ of Certiorari to the New Mexico Court of Appeals in the New Mexico Supreme Court. Answer, Ex. N. On November 6, 1998, the New Mexico Supreme Court construed this document as a petition for habeas corpus relief pursuant to NMRA, 12-501, which provides for certiorari to the district court from denial of habeas corpus, and denied it. Answer, Ex. O.

On March 13, 1998, McPherson filed his first habeas corpus petition in this Court, *McPherson v. Samburg,* No. CIV 98-0102 JP/JHG. Because it was a mixed petition, the Court dismissed it without prejudice pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982). On January 4, 1999, McPherson filed this petition. In this petition, McPherson presents the following issues for review: (1) Speedy trial violation; (2) Deprived of impartial jury; (3) Ineffective assistance of counsel; (4) Improperly brought indictment/failure to accord preliminary injunction; (5) Denial of due process in state habeas corpus proceeding; (6) Wrongful refusal of writ: Forfeiture of

N.M.S.A. § 44-1-8; (7) Concealment or transfer of prisoner to avoid writ: Forfeiture N.M.S.A. § 44-1-29; (8) Denial of access to the courts; and (9) Violation of code of judicial conduct.

**Procedural Default of Issues (4), (5), (6), and (7)**

A state prisoner seeking relief pursuant to 28 U.S.C. § 2254(b) and (c) must exhaust state remedies before seeking to obtain relief in a federal habeas proceeding. *See generally, Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254 (b)(1)(A). Respondent contends McPherson has procedurally defaulted issues (4), (5), (6), and (7). Procedural default occurs when a petitioner fails to exhaust state remedies and the court to which he would be required to present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred. *Coleman v. Thompson*, 501 U.S.722, 735 n.1 (1991). In New Mexico, failure to raise an issue on direct appeal waives that issue for purposes of post-conviction relief. *Jackson v. Shanks*, 143 F.3d 1313, 1318 (10th Cir. 1998). Procedural default can become an adequate and independent state ground for denial of a petitioner's constitutional claims. *Id.* at 729-32.

Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either "cause" and actual "prejudice" or a "fundamental miscarriage of justice." *Id.* at 750. McPherson has failed to respond to Respondent's motion to dismiss. McPherson also has failed to demonstrate cause for, or prejudice from, the procedural default, or that a fundamental miscarriage of justice would result from failure to consider the claims raised in issues 4, 5, 6, and 7. Therefore the Court finds that issues 4, 5, 6, and 7 should be dismissed due to procedural default.

**Are issues (8) and (9) cognizable in federal habeas corpus?**

In his Answer, Respondent also contends issues 8 (Denial of access to the courts) and 9 (Violation of code of judicial conduct) are matters of state law which are not available for review in habeas corpus proceedings. Federal habeas corpus review is limited to deciding whether a conviction violated federal constitutional or statutory law. *Lujan v. Tansy*, 2 F.3d 1031, 1034 (10th Cir. 1993), *cert. denied sub nom., Lujan v. Thomas,* 510 U.S. 1120 (1994). Claims based solely on state law are not cognizable. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Absent a violation of fundamental fairness or specific constitutional right, a habeas claim based on state procedural violations must be established by proof that the trial was rendered fundamentally unfair by the alleged error. *Mahorney v. Wallman*, 917 F.2d 469, 474 (10th Cir. 1990).

In his Petition, McPherson claims the state district judge violated the Code of Judicial Conduct. McPherson claims the state district judge was biased against him when he told McPherson "I'm sick of you." This claim is not cognizable in federal habeas corpus.

McPherson's also contends he was denied access to the courts. In his petition, McPherson claims the "small" library within the detention facility was "inadequate" for him as a pro se plaintiff. Additionally, McPherson claims the state district judge on one occasion denied his request to use the courthouse law library.

In *Lewis v. Casey,* 518 U.S. 343 (1996), the Supreme Court recently clarified a prisoner's right to access to legal resource and the courts. The Court explained that under *Bounds v. Smith,* 430 U.S. 817 (1977), the Fourteenth Amendment only guarantees the right of access to the courts. Although providing access to a law library is an acceptable means of effectuating the right of access to the courts, *Bounds* did not create an independent right of access to a law library or

legal assistance. *Lewis*, 518 U.S. at 349-51. The *Lewis* Court stated:

> Because *Bounds* did not create an abstract, free-standing right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense. That would be the precise analogue of the health inmate claiming constitutional violation because of the inadequacy of the prison infirmary. Insofar as the right vindicated by *Bounds* is concerned, "meaningful access to the courts is the touchstone," *Bounds,* 430 U.S. at 823 . . . (internal quotations marks omitted), and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.

*Id.* at 31. Therefore, an inmate must satisfy the standing requirement of "actual injury" by showing that the denial of legal resources hindered the prisoner's efforts to pursue a nonfrivolous claim. *Id.* at 349, 356.

"Additionally, the constitutional obligation to provide inmates access to courts does not require states to give inmates unlimited access to a law library and inmates do not have the right to select the method by which access will be provided." *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996)(internal citations omitted). When a prison limits access to the courts by restricting an inmate's access to legal resources, the Court must determine whether the prison's policy is reasonably related to legitimate penological interests. *Id.* 1404. The Court may consider economic factors, the reasonable alternatives to accommodating inmate requests, and whether there is a valid connection between the prison policy and putative government interest. *Id.*

In his Petition, McPherson states that in the past he had used the "proper procedure" to use the law library but "on this particular request it [use of the law library] was not approved but returned to Petitioner with the response being Denied." Having considered McPherson's allegations, the Court finds that he has not demonstrated actual injury. Accordingly, the Court finds that issues 8 and 9 should be dismissed.

5

**Claim of Speedy Trial Violation**

In his Answer, Respondent claims McPherson's speedy trial claim has not been exhausted. In his direct appeal, McPherson claimed his counsel was ineffective because he failed to file a motion to dismiss for violation of his right to a speedy trial. The New Mexico Court of Appeals addressed McPherson's claim of speedy trial violation in the context of his ineffective assistance of counsel claim. It is unclear from the Petition whether this is what McPherson is again claiming.

Nonetheless, even if this claim was not raised in state court, the Court may exercise discretion to review and deny the claim. *Hoxie v. Kerby*, 108 F.3d 1239, 1242-43 (10th Cir.), *cert. denied,* 522 U.S. 844 (1997). Prior to the 1996 AEDPA amendments, the Tenth Circuit recognized a limited exception to the exhaustion rule, permitting examination of unexhausted claims on the merits if "they fail . . . to raise even a colorable federal claim, and the interests of justice would be better served by addressing the merits of the habeas petition." *Miranda v. Cooper*, 967 F.2d 392, 400 (10th Cir.), *cert. denied,* 506 U.S. 924 (1992). Under the 1996 AEDPA amendments, the Court may exercise discretion to hear and deny a petitioner's non-exhausted claims, the total exhaustion rule is no longer binding. *See* 28 U.S.C. § 2254 (b)(2).[1] The Court will exercise this discretion to hear McPherson's denial of speedy trial claim.

In evaluating McPherson's speedy trial claim, the New Mexico Court of Appeals balanced the factors outlined in *Barker v. Wingo*, 407 U.S. 514 (1972): length of delay, reason for the delay, defendant's assertion of the right, and prejudice to defendant. The New Mexico Court

---

[1] Section 2254(b)(2) states:

An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

6

of Appeals concluded that the part of the delay caused by the state was not enough to violate the right to a speedy trial when weighed on balance against the remaining *Barker* factors. The reason for the delay was the illness and emergency hospitalization of the trial judge on the day originally set for trial. The New Mexico Court of Appeals rejected McPherson's argument that the trial should have been transferred to another judge. The New Mexico Court of Appeals reasoned that with congested dockets McPherson's case would not have been heard any earlier and found that the delay should not weigh against the State. The New Mexico Court of Appeals also did not consider McPherson's failure to move to dismiss for violation of his right to a speedy trial until after trial against him because it was his contention that it was counsel's incompetence that resulted in his late request. Finally, the New Mexico Court of Appeals found that McPherson was not prejudiced by the delay.

A federal court is precluded from granting habeas relief on any claim adjudicated on the merits by the state court, unless the state proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). In addition, the Court presumes the factual findings of the state court are correct unless petitioner can rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Based on the record before the Court, the Court finds that the delay did not violate McPherson's right to a speedy trial.

**Ineffective Assistance of Counsel**

McPherson claims his counsel was incompetent because he failed to file a motion to dismiss for violation of McPherson's right to a speedy trial. In order to establish ineffective assistance of counsel, McPherson must show his attorney's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *United States v. Chavez-Marquez*, 66 F.3d 259, 262 (10th Cir. 1995)(citing *Strickland v. Washington*, 466 U.S. 668 (1984)). McPherson must overcome the strong presumption that his attorney's decision "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. In this case, counsel would not have prevailed had he filed a motion to dismiss for violation of McPherson's right to speedy trial. Accordingly, counsel failure to file such a motion cannot be deemed ineffective.

**Deprived of Impartial Jury**

In his Petition, McPherson claims he was deprived of an impartial jury. Prior to the commencement of the jury selection, McPherson objected to the computer generated selection of jurors by a programmer developed by the Administrative Office of the Courts. McPherson argued this was a critical stage of the proceedings that required his presence. The state district court rejected this argument. McPherson then challenged the entire array of the jury panel because there was only one Black juror out of the 35 to 40 potential jurors. Again the state district court ruled against McPherson. Finally, McPherson asked the state district court to take judicial notice that the population of Clovis, Curry County, was more than one Black in thirty-two and objected to the fact that the only Black juror was excused for cause.

In reviewing the New Mexico Court of Appeal's determination, this Court evaluates whether that determination was "contrary to, or . . . an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States; or . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In evaluating this claim, the New Mexico Court of Appeals found that McPherson did not establish a violation of due process and equal protection. The Court of Appeals found that McPherson made no allegation during jury selection that the challenge to the potential juror was solely for the purpose of excluding a member of his race. Based on the record before the Court, the Court finds that McPherson has failed to establish a violation of due process and equal protection.

## RECOMMENDED DISPOSITION

The Court recommends the Petition be dismissed.

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**